UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| KEVIN BOWMAN, # 238591, ) | |
| ) | |
| Petitioner, ) | Case No. 1:04-cv-256 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| PAUL RENICO, ) | |
| ) | **MEMORANDUM OPINION** |
| Respondent. ) | |
| ) | |

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. On April 15, 2004, petitioner filed a habeas corpus petition in this court seeking to overturn his state-court convictions of first-degree murder, MICH. COMP. LAWS § 750.316, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS §750.227b. On October 17, 2005, Magistrate Judge Joseph G. Scoville issued a 29-page report and recommendation recommending that the habeas corpus petition be denied. (docket # 24). The matter is now before the court for *de novo* review on petitioner's objections to the report and recommendation. (docket # 25). For the reasons set forth below, petitioner's objections will be overruled, the report and recommendation will be adopted as the court's opinion, and the petition will be denied.

Petitioner's initial objection to the report and recommendation is that the magistrate judge "almost implicitly relie[d] upon lower court rulings to deny the petition," and that he unreasonably used "lower court precedent to argue the denial." Petitioner does not identify where this purported error occurs within the report and recommendation. Upon review, the court finds that

petitioner's objection is baseless because the magistrate judge properly applied the AEDPA standards.

Petitioner's remaining objections are set forth verbatim below:

4. The Petitioner argues that each of the issues presented by him in the Writ of Habeas Corpus Brief are either decisions that are contrary to, or an unreasonable application of, Supreme Court decisions, and violations of his Constitutional rights.

5. The Petitioner argues that if the Magistrate would have looked closely at the totality of the circumstances in each issue, his assessment of the case would have found constitutional claims that were debatable or wrong.

6. The petitioner argues that he has met the burden of rebutting the presumption of correctness by clear and convincing evidence, as required by 28 U.S.C.A. § 2254.

(docket # 25 at 2).  General objections such as these have the same effect as a complete failure to object, and constitute a basis for finding waiver of appellate review.  *See Neuman v. Rivers*, 125 F.3d 315, 322 (6th Cir. 1997); *Miller v. Curie*, 50 F.3d 373, 380 (6th Cir. 1995).  Even assuming that petitioner had filed specific objections as required, on review, the court finds itself in complete agreement with the magistrate judge that none of the grounds raised provide a basis for granting petitioner habeas corpus relief.

## Conclusion

For the reasons set forth herein, petitioner's objections will be overruled, the magistrate judge's report and recommendation will be adopted as the court's opinion, and the petition for federal habeas corpus relief will be denied.

Date:   November 10, 2005          /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE