UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KEVIN BOWMAN, #238951,            )
                                  )
            Petitioner,           )   Case No. 1:04-cv-256
                                  )
v.                                )   Honorable Robert Holmes Bell
                                  )
PAUL RENICO,                      )
                                  )
            Respondent.           )
_____)

### ORDER DENYING CERTIFICATE OF APPEALABILITY

This was a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving a mandatory sentence of life imprisonment after a Kent County jury found him guilty of first-degree murder. In a memorandum opinion and judgment entered November 10, 2005, this court denied relief. The court's judgment followed *de novo* review of petitioner's objections to the 29-page report and recommendation issued by the magistrate judge. In the court's memorandum opinion, it found that petitioner's vague and general objections were insufficient and constituted a basis for finding waiver of appellate review. (Mem. Op., docket # 27, at 2). The court further found, on *de novo* review, that the proposed findings and conclusions of the magistrate judge were correct and should be adopted as the findings of the court.

Petitioner has now filed a notice of appeal and a motion for issuance of a certificate of appealability, seeking appellate review of all issues raised in his habeas corpus petition. Under the revised provisions of the Habeas Corpus Act, a petitioner may not appeal in a habeas case unless

a circuit justice or judge issues a certificate of appealability (formerly known as a certificate of probable cause).  28 U.S.C. § 2253(c)(1).  Amended Rule 22 of the Federal Rules of Appellate Procedure extends to district judges the authority to issue a certificate of appealability as well.  FED. R. APP. P. 22(b)(1); *accord Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir.), *cert. denied*, 520 U.S. 1224 (1997).  A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Where the district court has rejected a habeas claim on the merits, section 2253(c) requires petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim [ ] debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The petitioner's arguments must be assessed under the deferential standard required by 28 U.S.C. § 2254(d)(1): Relief may not be granted unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  *See Tennard v. Dretke*, 524 U.S. 274 (2004).  When the claim is denied on procedural grounds, without consideration of the merits of the claim, the petitioner must show <u>both</u> that reasonable jurists would find it debatable that the petition states a valid constitutional claim <u>and</u> that they would "find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

Applying this standard, the court finds that this court's conclusions cannot be deemed erroneous or even debatable among jurists of reason.  First, as indicated in the court's memorandum opinion, this court concludes that petitioner forfeited his right to seek appellate review by the conclusory nature of his objections.  Moving beyond that issue to the substance of petitioner's claims, the court finds that each habeas corpus claim is meritless.  First, petitioner's contention that

the trial court abridged his constitutional right to present a defense by suppressing proposed testimony concerning other possible murderers is a complete fabrication. As noted in the report and recommendation (pp. 21-22), petitioner's counsel did not offer any evidence, nor did the trial judge exclude or suppress any testimony in this regard. Even if the court's comments, made after the close of proofs, can be stretched into an evidentiary ruling, the court finds that the contemplated testimony was properly excluded as hearsay, for the reasons set forth in the report and recommendation.

Petitioner's second claim, concerning error in instructing the jury on the burden of proof, fares no better. The court reiterates its finding that the Supreme Court has never issued an opinion suggesting, let alone holding, that the instruction delivered by the trial court was in any way defective. In fact, Justice Ginsburg has praised this instruction, opining that it "surpasses others I have seen in stating the reasonable doubt standard succinctly and comprehensibly." *Victor v. Nebraska*, 511 U.S. 1, 27 (1994) (Ginsburg, J., concurring).[1]  Finally, the careful decision of the Michigan Court of Appeals, analyzing the sufficiency of the evidence under the standard of *Jackson v. Virginia*, 443 U.S. 307 (1979), cannot be deemed either contrary to law or an unreasonable application of federal law to the facts of this case.

For the foregoing reasons:

IT IS ORDERED that petitioner's motion for a certificate of appealability (docket # 30) be and hereby is DENIED.

Date:    December 16, 2005            /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The state trial judge adopted the challenged instruction from pattern criminal jury instructions developed by the Federal Judicial Center.